IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01864-PAB-KLM

ALBERT ABEYTA,

    Plaintiff,

v.

ROGER WERHOLTZ, Interim Executive Director of the Colorado Department of Corrections,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on Plaintiff's Motion to Alter or Amend Judgment and Request for a Post Trial Evidentiary Hearing [Docket No. 75] filed by plaintiff Albert Abeyta on September 12, 2012.

**I. BACKGROUND**

Plaintiff filed a complaint on August 5, 2010 against several officers of the Colorado Department of Corrections ("CDOC") and the CDOC itself.  Docket No. 3.  In his second amended complaint, he alleged violations of his Eighth Amendment right to be free from cruel and unusual punishment on the basis that he was being handled by guards wearing latex gloves despite a latex allergy that caused him painful rashes. Docket No. 34 at 4-5, ¶¶ 7-9.  Plaintiff sought monetary damages and an injunction requiring the CDOC to "take reasonable steps to insure that its employees do not touch him with latex and that sufficient warnings are posted on his cell and in his inmate records to prevent any more touching with latex products."  Docket No. 34 at 7, ¶ 16.

On July 24, 2012, the Court granted in part defendants' motion for summary judgment, dismissing the individual officers from the case and denying plaintiff's claim for damages. Docket No. 62. Plaintiff's claim for injunctive relief against the CDOC survived. *Id*.

On August 13, 2012, the Court held a one-day bench trial. Docket No. 74. At trial, Travis Louis Trani, a warden at CDOC's Canon City facility, testified that CDOC's Security Technology Committee had decided to switch from latex to vinyl and that the switch took place during the week of August 6, 2012, and that, as of the time of trial, the warehouse had used of its supply of latex gloves. Docket No. 74 at 10, l.19-11, l.18. The Court found that plaintiff "experience[s] a skin reaction characterized by redness, occasional blistering and also by pain when he is touched by someone wearing latex gloves." Docket No. 74 at 9, ll.14-17. The Court credited Mr. Trani's testimony and concluded that, since CDOC had already switched from latex to vinyl and its supply of latex gloves was nearing depletion, plaintiff failed to establish by a preponderance of the evidence that he would suffer irreparable harm absent an injunction. Docket No. 74 at 13, l.12-15, l.21. On August 15, 2012, the Court entered final judgment against plaintiff. Docket No. 72.

On September 12, 2012, plaintiff filed the instant motion to alter or amend the Court's judgment pursuant to Federal Rule of Civil Procedure 59(e). Docket No. 75. In this motion, plaintiff alleges the following: at approximately 7:15 a.m. on August 15, 2012, he was picked up at the Denver Reception and Diagnostic Facility ("DRDC") to be transported back to the Fremont Correctional Facility ("FCF"). Docket No. 75 at 5.

While at DRDC, plaintiff informed a CDOC Officer, Mushafa Kukoyi,[1] who was wearing latex gloves, that he could not be touched with latex. *Id.* He further informed Officer Kukoyi that he had documentary proof of his condition in his legal papers. *Id.* Officer Kukoyi told plaintiff that he did not have time to look for the relevant paperwork and proceeded to pat down plaintiff while wearing latex gloves. *Id.* Later that day, another CDOC Officer, Sergeant Bobby Fischer, told plaintiff that the Central Transportation Unit officers were never told that latex gloves were no longer being used and that his staff continues to wear them to "protect themselves from diseases from the inmates." *Id.* When plaintiff arrived at FCF at approximately 5:15 p.m., he was denied emergency medical treatment for his latex burns. Docket No. 75 at 5-6. On August 16, 2012, defendants attempted to transport plaintiff back to DRDC for a medical appointment but, fearing additional contact with latex, plaintiff refused to go. Docket No. 75 at 6. Plaintiff states that his alleged exposure to latex on August 15, 2012, "happened because the Attorney General's representations to the Court were not true" and that "DRDC still uses latex gloves and apparently has no plans to stop." Docket No. 75 at 7.

Plaintiff raises a second argument, which is that the Court erred in failing to consider whether the county sheriffs transporting plaintiff between DOC facilities would use gloves provided by CDOC or their own supply of latex gloves. Docket No. 75 at 8. Plaintiff argues that, if sheriffs use their own latex gloves, then his only option apart from an injunction against CDOC would be to sue each county in which he has been or will be incarcerated to prevent local transportation officers from handling him with latex

---

[1] Plaintiff initially misidentified him as Officer Kokias. *See* Docket No. 77 at 5 n.5.

gloves. Docket No. 75 at 8-9. As evidence in support of these allegations, plaintiff offers his sworn declaration. Docket No. 75-1. Plaintiff requests that the Court hold a post-trial evidentiary hearing so that he may establish the following points:

(1) The defendant's officers and employees will continue to pretend that Mr. Abeyta is not seriously injured when he comes into contact with latex unless the Court grants Mr. Abeyta's request for an injunction.

(2) The defendant will continue to transport Mr. Abeyta to DRDC and/or other locations for medical treatment, whether for the latex sensitivity, burns resulting from coming into contact with latex or for some other reason such as Mr. Abeyta's diabetes.

(3) When Mr. Abeyta is transported, the transport officers (whether employees of a Sheriff's department or employees of the defendant), will continue wearing latex gloves unless the Court grants Mr. Abeyta's request for an injunction.

(4) Corrections officers at DRDC continue to wear latex gloves when handling inmates, and Warden Trani's testimony was either misleading or untruthful regarding the exact situation at DRDC.

Docket No. 75 at 10, ¶¶ 1-4. He further requests that the Court amend its judgment to find that he is likely to endure irreparable harm and that an injunction is warranted. Docket No. 75 at 12-13.

## II. STANDARD OF REVIEW

A motion to alter or amend a judgment must be filed within twenty-eight days of the entry of judgment. FED. R. CIV. P. 59(e). A Rule 59 motion is warranted in the event of "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). In order to constitute grounds for reconsideration, "newly discovered evidence must be of such a nature as would probably produce a different result." *Devon Energy Prod. Co., L.P. v.*

*Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1213 (10th Cir. 2012) (internal citation omitted). A decision or action by the Court constitutes "clear error" if it "appears to a reviewing court to have been unquestionably erroneous." BLACK'S LAW DICTIONARY 582 (8th ed. 2004). A Rule 59 motion may be granted "where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012. The rule does not, however, provide a license to revisit arguments that were already addressed or to advance new arguments that could have been raised but were not. *Id*.

## III. DISCUSSION

Plaintiff argues that he is entitled to relief under Rule 59(e) on the basis of newly discovered evidence and on the basis that the Court clearly erred in finding he was not likely to suffer irreparable harm. Docket No. 75 at 8. He sets forth three factual bases for these arguments, as referred to above.

Defendant counters plaintiff's first basis for relief, that Officer Kukoyi handled him while wearing latex gloves, by offering a video of the incident in question. The video shows Officer Kukoyi taking off his gloves before patting down Mr. Abeyta. Docket No. 78. Defendant asserts that Officer Kukoyi was wearing vinyl gloves at the time, but that he nonetheless took them off at Mr. Abeyta's request. Docket No. 77 at 8-9. In his reply brief, plaintiff explains that he

> does not dispute what the video recording shows: that the Plaintiff was the second inmate in line and that the guard did not pat him down and told him to go to the end of the line. Then, when the Plaintiff was the last inmate left, the guard took off his gloves and patted him down with his bare hands.

Docket No. 81 at 4. However, plaintiff argues that the video evidence does not

undermine his argument because the fact that Officer Kukoyi took off his gloves gives rise to an inference that he was wearing latex, and not vinyl, gloves to begin with. Docket No. 81 at 4-5.

In conceding the accuracy of the video, plaintiff admits that his declaration is incorrect insofar as he states that Officer Kukoyi patted him down while wearing latex gloves. Docket No. 75-1 at 2, ¶ 2. Plaintiff does not offer any explanation for this inconsistency. Plaintiff's trial testimony demonstrated that he is observant when it comes to whether a prison officer is wearing gloves. In fact, the video suggests that plaintiff's observation of Officer Kukoyi wearing gloves and his request not to be handled with the gloves is the reason that Officer Kukoyi removed them before patting down plaintiff. Plaintiff's declaration that Officer Kukoyi patted him down while wearing gloves, which the video conclusively contradicts, destroys plaintiff's credibility as to this incident and also undermines his assertion that he was injured through exposure to latex on August 15, 2012. *See* Docket No. 75-1 at 2, ¶¶ 2-4. Although plaintiff asserts in his reply brief that "he was handled throughout the day, by guards wearing latex gloves," Docket No. 81 at 5, this argument is not supported by his declaration, which mentions only the incident with Officer Kukoyi. *See generally* Docket No. 75-1.

Moreover, even if it were the case that Officer Kukoyi was initially wearing latex gloves, or that Sergeant Fisher was unaware of a CDOC-wide shift away from latex, these facts do not constitute newly discovered evidence "of such a nature as would probably produce a different result," *see Devon Energy*, 693 F.3d at 1213, nor do they show that the Court's findings of fact were "unquestionably erroneous." *See* BLACK'S LAW DICTIONARY 582 (8th ed. 2004). As the Court explained, evidence of CDOC's

6

switch to vinyl "doesn't mean that there isn't necessarily a stray box of latex gloves which would be consistent" with plaintiff's exposure to latex around the date of the trial. Docket No. 74 at 14, ll.7-14.  Thus, plaintiff's allegations are consistent with the Court's findings and do not support plaintiff's assertion that "the Attorney General's representations to the Court were not true" or that "[i]t is not true that 'each [DOC] facility no longer is using latex gloves.'  DRDC still uses latex gloves and apparently has no plans to stop." Docket No. 75 at 7.  In fact, plaintiff agrees that the Court's conclusion was reasonable based on the evidence before it.  Docket No. 75 at 7 ("it was reasonable to infer that it was so unlikely that Mr. Abeyta would be exposed to latex after August 6, 2012, that Mr. Abeyta could not demonstrate irreparable harm").  Given the fact that plaintiff's allegations do not call into question the Court's conclusion, these allegations are insufficient under Rule 59(e).

Finally, plaintiff's conjecture regarding the role of county sheriffs in transporting him between facilities, which is unsupported by any factual allegations in his declaration, *see generally*, Docket No. 75-1, is an argument that was available prior to and during trial.  *See Servants of the Paraclete*, 204 F.3d at 1012.  Plaintiff, however, does not offer any explanation for failing to raise it at that time.  Thus, this argument is also insufficient under Rule 59.

IV. **CONCLUSION**

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion to Alter or Amend Judgment and Request for a Post Trial Evidentiary Hearing [Docket No. 75] is DENIED.

DATED April 18, 2013.

                                        BY THE COURT:

                                        s/Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        United States District Judge